UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDDY DE JESUS COLON GUZMAN (A-235-661-226),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-6721 TLN AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a self-represented immigration detainee, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the undersigned recommends that the petition be granted, petitioner be immediately released, and respondent be enjoined from unlawfully re-arresting or re-detaining petitioner without providing notice and a pre-detention hearing. Also pending before the court is petitioner's motion for immediate release, ECF No. 7, which the undersigned recommends be denied as moot in light of these findings and recommendations.

I. Factual Background[1]

Petitioner is a native and citizen of the Dominican Republic who entered the United States

[1] All undisputed factual allegations are deemed admitted and will be relied upon, unless the record reflects contrary facts. Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

on a B2 visa on July 14, 2018.[2] ECF No. 1 at 7; ECF No. 7 at 8-11. He has resided in the United States for the past eight years. ECF No. 1 at 7. During that time, petitioner obtained his work permit, driver's license, Social Security number, paid taxes, and married his United States citizen wife. Id. at 6-7; ECF No. 6-1 at 2 (documenting receipt and approval of petitioner's Application for Employment Authorization (Form I-765) and receipt and denial of petitioner's Application to Register Permanent Residence or Adjust Status (Form I-485) and Application to Petition for Alien Relative (Form I-130)).

On December 10, 2025, petitioner was arrested by Immigrations and Customs Enforcement ("ICE") while on his way to work, as part of a targeted enforcement operation. ECF No. 1 at 6, 4; ECF No. 6-1 at 2. He was served with a Notice to Appear, which charged him as "an alien present in the United States who has not been admitted or paroled," subject to removal under sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA").[3] ECF No. 6-2. Petitioner has no criminal history. ECF No. 1 at 7; ECF No. 6-1 at 3.

Petitioner's removal proceedings remain pending, and he is detained at the California City Immigration Processing Center.[4]

////

---

[2] While the Form I-213 submitted with respondent's response states that petitioner entered the United States at an unknown place and unknown time, ECF No. 6-1, this appears to be inaccurate as petitioner has submitted documents supporting his assertion that he entered on a B2 visa on July 14, 2018, which expired January 13, 2019. ECF No. 7 at 8-11.

[3] The Form I-213 states that petitioner was "arrested pursuant to a Warrant of Arrest. Form I-200" and served with a Form I-200 "and all other legal documentation." ECF No. 6-1 at 2-3. The documentation submitted with the response, however, does not include a copy of a Form I-200.

[4] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited Oct. 28, 2026), and the information provided on the Immigration and Customs Enforcement Online Detainee locator, available at https://locator.ice.gov/odls/#/search (last visited Oct. 28, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

II. Procedural History

On August 24, 2026, the court received the petition for writ of habeas corpus, which challenges petitioner's detention under 28 U.S.C. § 2241. Respondent was directed to respond to the petition, as liberally construed, and required to

> substantively address whether there are any factual or legal issues that materially distinguish this case from Brayan C.C. v. Warden of the California City Corr. Ctr., No. 2:26-cv-0641 TLN JDP, 2026 WL 710358 (E.D. Cal. Mar. 13, 2026), Benitos A.P. v. Noem, No. 1:26-cv-2180 TLN JDP, 2026 WL 1786375 (E.D. Cal. June 22, 2026), and Juan R.R. v. Warden of the Golden State Annex, No. 1:26-cv-4754 TLN SCR, 2026 WL 2137745 (E.D. Cal. July 24, 2026), and other similar cases previously decided by this court.

ECF No. 5. Respondent was further advised that "[t]he court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id. Respondent filed a response. ECF No. 6. Petitioner subsequently filed a motion for immediate release. ECF No. 7.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

////

## IV. Discussion

The petition, liberally construed, asserts that petitioner's prolonged detention and detention without a bond hearing violate the Fifth Amendment's Due Process Clause. ECF No. 1 at 6-7. Petitioner alleges that he was arrested without notice when he arrived at his job. Id. at 6. He states that ICE officers advised him that it was a routine stop and he would be released after thirty minutes, but at the time he filed his petition he had been detained for eight months. Id. at 6-7. By way of relief, petitioner seeks immediate release from confinement. Id. at 7.

As noted above, the court's briefing order directed a response to the petition and that respondent substantively address whether this case is materially distinguishable from Brayan C.C., Benitos A.P., Juan R.R., and other similar cases. See ECF No. 5. In those cases, noncitizens asserted that their detention without a bond hearing violated the Fifth Amendment's Due Process Clause.[5] Juan R.R., 2026 WL 2137745, at *2-3; Benitos A.P., 2026 WL 1786375, at *2-3; Brayan C.C., 2026 WL 710358, at *3-4. Similar to petitioner, the noncitizen in Juan R.R. had entered the United States on a valid visa that had since expired. 2026 WL 2137745, at *1. In each case, the court found that the petitioners, who had resided within the United States for several years before their detention, had a protected liberty interest in freedom from immigration detention, and that procedural due process required, at a minimum, that the noncitizens receive a timely custody determination and bond hearing before an immigration judge. Juan R.R., 2026 WL 2137745, at *1-3; Benitos A.P., 2026 WL 1786375, at *1-3; Brayan C.C., 2026 WL 710358, at *1, 3-4. As a result of these findings and because the noncitizens were not provided these procedures, the court ordered their immediate release and enjoined respondents from re-arresting or re-detaining them absent compliance with specific pre-deprivation procedural protections. Juan R.R., 2026 WL 2137745, at *3-4; Benitos A.P., 2026 WL 1786375, at *2-3; Brayan C.C., 2026 WL 710358, at *4.

Respondent does not respond substantively to petitioner's due process claim, nor does respondent reference or present any facts to distinguish this case from the court's prior orders in

[5] The noncitizen in Brayan C.C. also claimed that his detention violated the INA. 2026 WL 710358, at *2.

Brayan C.C., Benitos A.P., or Juan R.R. ECF No. 6. Instead, respondent "acknowledge[s] the similarities to the cases cited in ECF No. 5." ECF No. 6 at 1.

Considering the facts of this case and respondent's concessions, the undersigned adopts and incorporates by reference the reasoning in the above-referenced cases and finds that petitioner's detention without the procedures to which he is entitled under 8 U.S.C. § 1226(a), including an initial custody determination at the outset of detention and the right to seek review of that custody determination through a prompt bond hearing before an immigration judge, violated due process. Juan R.R., 2026 WL 2137745, at *2-3; Benitos A.P., 2026 WL 1786375, at *2-3; Brayan C.C., 2026 WL 710358, at *3-4; see also Oliveira Tinoco v. Albarran, No. 1:26-cv-5505 DC CKD, 2026 WL 2949219, at *4-5 (E.D. Cal. Oct. 1, 2026) (concluding that "where . . . a noncitizen builds a life in the United States after being granted entry pursuant to a visa—such that the government was not only aware of but *approved of* the noncitizen's initial presence in the country—that noncitizen develops a vested liberty interest in remaining free from detention when the government does not act to detain the noncitizen . . . within a reasonable time following the expiration of their nonimmigrant status"); M.A. G.V. v. Warden, Cal. City Det. Facility, No. 1:26-cv-6356 TLN SCR, 2026 WL 2516864, at *2 (E.D. Cal. Aug. 26, 2026) (finding that "the Government has made a decision not to detain a non-citizen in the first place after the filing of an application for immigration benefits, [and] this decision vests the same liberty interest as a prior detention and release") (quoting Gagik T. v. Chestnut, No. 1:26-cv-4337 MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) (cleaned up); Zurita Navarro v. Warden, Ctrl. Valley Annex Det. Facility, No. 1:26-cv-5661 DAD SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (enumerating procedural violations of § 1226(a), including "failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention" and collecting cases).

Rather than responding to petitioner's due process claim, respondent addresses the statutory basis for petitioner's detention, asserting that "[d]etention in this case was pursuant to 8 U.S.C.§ 1225(b)(2)(A)." ECF No. 6 at 1. Respondent "maintain[s] the position that such provision governs here" but acknowledges binding precedent in this Circuit holding that

§ 1226(a) of the INA governs petitioner's detention. Id. (citing Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026)). Respondent asserts that "[p]etitioner is therefore entitled to seek a custody redetermination hearing." Id. Respondent's misplaced focus on the statutory basis for detention fails to address petitioner's procedural due process claim under the Fifth Amendment and therefore ignores the legal issues raised in this matter, which are constitutional. As such, the response warrants no further discussion.

As in Brayan C.C., Benitos A.P., and Juan R.R., the court finds the appropriate remedy for the due process violation in this case is release and an injunction against re-detention. Juan R.R., 2026 WL 2137745, at *4; Benitos A.P., 2026 WL 1786375, at *3; Brayan C.C., 2026 WL 710358, at *4; see also D.S.B. v. Warden, Cal. City, No. 1:26-cv-7393 TLN CSK, 2026 WL 3136167, at *1 (E.D. Cal. Oct. 20, 2026) (finding that "the government's failure to follow statutory procedures and to provide a custody hearing deprived Petitioner of an opportunity to be heard "at a meaningful time and in a meaningful manner" in violation of the Fifth Amendment Due Process Clause" and ordering the noncitizen's release and an injunction against re-detention without notice and a pre-deprivation hearing). The undersigned further recommends that petitioner's motion for immediate release be denied as moot in light of these findings and recommendation for immediate release.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
   a. Respondents shall IMMEDIATELY RELEASE petitioner RUDDY DE JESUS COLON GUZMAN, A-235-661-226. At the time of release, respondent must return all of petitioner's documents and possessions.
   b. Respondent shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
   c. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing

respondent will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

2. The order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

3. Petitioner's motion for immediate release (ECF No. 7) be DENIED AS MOOT.

4. Within three days of an order adopting these findings and recommendations, respondent be required to file a notice of compliance confirming petitioner's release.

5. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 28, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE